UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SCOTT SCHUCK,  )
 )
 Plaintiff, )
 )
 vs. ) No. 1:17-cv-00908-TWP-DML
 )
R. KENT ASPLEY, )
 )
 Defendant. )

**Entry Discussing Motion to Amend and Directing Dismissal of Action**

Plaintiff Scott Schuck filed the complaint in this case on March 24, 2017, alleging that the defendant, who was serving as his defense attorney at the time, sexually assaulted him. According to the complaint, this took place sometime in the 1980s. The Court dismissed the complaint based on the expiration of the statute of limitations and gave Schuck an opportunity to show cause why the action should not be dismissed for that reason. Schuck has responded through the filing of a motion to amend the complaint. The motion to amend, [Dkt. 12], is **granted** to the extent that it is understood to be a response to the Court's order to show cause.

In the motion to amend, Schuck does not identify any reason why this action is not barred by the statute of limitations other than stating that it may take many years before a victim of sexual assault discloses what happened and that in 2015 there was a "unique personal connection between the defendant and the special judge" in another case. But in his original complaint, Schuck stated that in 2014, he disclosed what happened to him. Further, Schuck makes no connection between the "unique personal connection" identified in 2015 and his sexual assault

claims. In these circumstances, Schuck has not shown that his claims can survive the statute of limitations.

The Court notes that Schuck's claims must be dismissed for another reason. To state a claim under § 1983, as Schuck purports to do, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Under authority established for more than a generation, the defendant did not act under color of state law when representing Schuck in the criminal proceeding, whether or not he was public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Because there was no action "under color of state law" when the defendant represented Schuck in an Indiana state court, there is no viable claim for relief pursuant to § 1983.

In short, Shuck's complaint fails to state a claim under § 1983 and is barred by the applicable statute of limitations. This action is therefore now **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/25/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SCOTT SCHUCK
144663
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant - Court only